IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| LHF PRODUCTIONS, INC., | ) |
|     Plaintiff, | ) ) ) Civil Action No. 5:16-cv-00027 |
| v. | ) ) By: Elizabeth K. Dillon |
| DOES 1–25, | )       United States District Judge ) |
|     Defendants. | ) |

**MEMORANDUM OPINION**

In this copyright-infringement case, plaintiff LHF Productions, Inc., claims that defendants Does 1–25 illegally downloaded copies of the film *London Has Fallen* using a file-sharing service known as BitTorrent. At the time of filing, LHF did not know the defendants' true identities; it knew only their Internet Protocol (IP) addresses (a series of numbers assigned to each Internet subscriber), Internet service providers, and service locations. Hence, the court allowed LHF to conduct expedited discovery and serve subpoenas on the Internet service providers, requesting documents containing the defendants' identifying information. Proceeding *pro se*, one of the defendants, who identifies himself as John Doe (IP address number 174.53.78.80), now moves to quash or vacate the subpoena served on his Internet service provider. For the reasons that follow, the court will deny the motion.[1]

Federal Rule of Civil Procedure 45 governs third-party subpoenas. As relevant here, it provides:

    (3) *Quashing or Modifying a Subpoena.*

        (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

---

[1] The court does not believe that an oral hearing would be helpful in deciding Doe's motion. It will thus rule without one. *See* Fed. R. Civ. P. 78(a); W.D. Va. Civ. R. 11(b).

> (i) fails to allow a reasonable time to comply;
>
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
>
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>
> (iv) subjects a person to undue burden.
>
> (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
>
> (i) disclosing a trade secret or other confidential research, development, or commercial information; or
>
> (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

Fed. R. Civ. P. 45(d)(3).

Here, Doe does not raise any of these concerns in support of his motion to quash or vacate the subpoena served on his Internet service provider. (Def.'s Mot. to Quash 1–4, Dkt. No. 10.) Nor does he challenge the relevancy of the requested documents. (*Id.*) Instead, he contends that LHF's "allegations of copyright infringement [are] speculative in nature[,] lacking factual evidence"; that "an IP address is not a person, and cannot identify a person"; and that "the alleged infringer has not been identified and nothing establish[es] that the person actually lives in the district." (*Id.* at 4.)[2] Thus, Doe concludes, LHF "fails to establish good cause both as to why this case should not be dismissed for improper venue and as to why a Rule 45 subpoena should be issued." (*Id.*)

---

[2] While Doe questions LHF's ability to correctly identify an alleged infringer's location, LHF has apparently done just that with respect to him. In its complaint, LHF asserts that the alleged infringer assigned Doe's IP address lives in Lynchburg, Virginia—which lies within this district—and Doe has given the court a Lynchburg address.

Although these arguments might be well taken, they are not grounds for quashing or vacating an otherwise proper subpoena. "It is well-settled that such general denials of liability cannot serve as a basis for quashing a subpoena." *First Time Videos, LLC v. Does 1–76*, 276 F.R.D. 254, 256 (N.D. Ill. 2011); *accord Malibu Media, LLC v. Doe*, No. GJH-15-3192, 2016 U.S. Dist LEXIS 51874, at *3 (D. Md. Apr. 18, 2016); *Voltage Pictures, LLC v. Doe*, 818 F. Supp. 2d 28, 35 (D.D.C. 2011). If LHF later decides to name Doe as a party defendant, then he will be given an opportunity to challenge venue and the sufficiency of LHF's allegations of infringement. But now is not the time for him to do either. The court permitted LHF to serve a subpoena on Doe's Internet service provider in order to obtain his identifying information, and he has not identified any valid reason why that subpoena should be quashed or vacated.[3] Accordingly, the court will deny Doe's motion.

An appropriate order will follow.

Entered: August 2, 2016.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[3] In making his arguments, Doe relies on two unpublished decisions from other circuits—*Elf-Man, LLC v. Cariveau*, No. C13-0507RSL, 2014 U.S. Dist. LEXIS 6453 (W.D. Wash. Jan. 17, 2014), and *Manny Film, LLC v. Doe*, No. 0:15-cv-60446-UU (S.D. Fla. Apr. 8, 2015). Neither is helpful. Even if *Elf-Man* is good law, it is inapposite. The issue there was not whether a Rule 45 subpoena issued to an alleged copyright infringer's Internet service provider was valid, but rather whether a copyright holder's complaint alleged sufficient facts to make out an infringement claim. *Elf-Man*, 2014 U.S. Dist. LEXIS 6453, at *5. Indeed, the *Elf-Man* court allowed the copyright holder to "initiate early discovery in order to obtain information sufficient to indentify the owner of each IP address." *Id.* at *2–3.

Though *Manny Film* is closer to this case, it is unpersuasive. There, the court denied a copyright infringer's motion to serve a Rule 45 subpoena on the alleged copyright infringer's Internet service provider and dismissed its complaint for improper venue. The court explained: "There is nothing linking the [alleged copyright infringer's] IP address location to the identity of the person actually downloading and viewing the copyrighted material and nothing establishing that the person actually lives in the district." This reasoning conflates the elements of an infringement claim with the requirements for a Rule 45 subpoena. As another court aptly put it: "To require [a copyright holder] to prove that the subscriber more likely than not is the infringer—that is, to meet its ultimate burden of proof—at the pleading stage would turn the civil litigation process on its head." *Malibu Media, LLC v. Doe*, No. PWG-13-365, 2014 U.S. Dist. LEXIS 174225, at *5 (D. Md. Dec. 16, 2014).

3