CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

9/5/2018

JULIA C. DUDLEY, CLERK
BY: S/J.Vasquez
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| LHF PRODUCTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 5:16-cv-00027 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| DASH FOOD MART, *et al.*, ) | United States District Judge |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION**

Plaintiff LHF Productions, Inc. (LHF) alleges that defendants have infringed upon its copyright to the film *London Has Fallen*. (Second Am. Compl., Dkt. No. 33.) Before the court are plaintiff's motions for default judgment against defendants Shady Oak Farm, Inc. (Shady Oak), Latoya Boykins, and Sarah Hall. (Dkt. Nos. 61, 65, 74.) For the reasons stated herein, the court will grant plaintiff's motions for default judgment.

I.   BACKGROUND

LHF holds the copyright to the 2016 action film *London Has Fallen*.[1] (*See* Second Am. Compl. ¶¶ 2, 8.) On May 5, 2016, LHF sued Does 1 through 25 for copyright infringement, alleging that they had willfully violated LHF's copyright to *London Has Fallen* by using a

---

[1] The second amended complaint alleges both that LHF holds the copyright to *London Has Fallen* and that LHF has only filed a pending copyright application. (*See* Second Am. Compl. ¶¶ 8, 12.) The United States Court of Appeals for the Fourth Circuit has not yet settled whether a copyright application or a copyright registration is required to succeed on a claim for copyright infringement. *Caner v. Autry*, 16 F. Supp. 3d 689, 707 (W.D. Va. 2014). However, the court need not resolve that issue in this case because the court may take judicial notice of LHF's copyright registration for *London Has Fallen*, as recorded by the United States Copyright Office. *See* http://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?v1=1&ti=1,1&Search_Arg=London%20Has%20Fallen&Search_Code=TALL&CNT=25&PID=5x1a2MbNNaXpIsiZT6VouGaW1sHM&SEQ=20180312120200&SID=1; *see also Island Software & Comput. Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005) (upholding district court's decision to take judicial notice of company's federal copyright registrations as published in Copyright Office registry because they could be found in a source "whose accuracy cannot be reasonably questioned").

BitTorrent protocol to copy and distribute the film. (Compl. ¶¶ 3, 14–17, Dkt. No. 1.) LHF identified the defendants through their IP addresses and then filed a second amended complaint listing the defendants by name. (Second Am. Compl. ¶ 5.) After LHF properly served defendants Shady Oak, Boykins, and Hall and the time to respond to the pleading passed, LHF moved for entry of default against them. The clerk of the court entered the defaults pursuant to Federal Rule of Civil Procedure 55(a). LHF has now moved for default judgment against Shady Oak, Boykins, and Hall.

## II. DISCUSSION

### A. Standard of Review

To obtain a default judgment, the moving party must comply with the two-step process set forth in Federal Rule of Civil Procedure 55. *Jefferson v. Briner, Inc.*, 461 F. Supp. 2d 430, 433 (E.D. Va. 2006). First, the moving party must obtain an entry of default from the clerk of the court pursuant to Rule 55(a). Second, the moving party must file a motion for default judgment under Rule 55(b).

In deciding whether liability has been established for default judgment, the court accepts as true the well-pleaded factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact.") (internal citation omitted)). If liability is established, then the court may award an appropriate amount of damages without a hearing, provided that the record contains sufficient evidence to support the award. *Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians*, 155 F.3d 500, 507 (4th Cir. 1998) (noting that "in some

circumstances a district court entering a default judgment may award damages ascertainable from the pleadings without holding a hearing"); *Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D. Md. 2013) (finding that the court need not conduct an evidentiary hearing to determine damages and "may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum").

## B. Liability

To establish copyright infringement, a plaintiff must prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). LHF has alleged that it owns the copyright to *London Has Fallen* and that the defendants copied the film. (Second Am. Compl. ¶¶ 8, 14–16.) Because the well-pleaded factual allegations of the complaint are accepted as true upon default, LHF has established that Shady Oak, Boykins, and Hall violated LHF's copyright to *London Has Fallen*. (*See* Second Am. Compl. ¶¶ 3, 14–16.) Accordingly, the court will enter default judgment in LHF's favor.

## C. Injunctive Relief

LHF seeks to permanently enjoin each of the defendants from future infringements of its copyright to *London Has Fallen*. The Copyright Act provides that "[a]ny court having jurisdiction of a civil action arising under this title may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Where, as here, the plaintiff has established a claim of copyright infringement, courts have routinely entered permanent injunctions. *See, e.g.*, *ME2 Prods., Inc. v. Ahmed*, No. 3:17-cv-00002, 2018 WL 585547, at *2 (W.D. Va. Jan. 29, 2018) (awarding injunctive relief where plaintiff established copyright infringement for default judgment motion

and the record lacked any indication that the defendants would refrain from future infringements); *M.L.E. Music v. Kimble, Inc.*, 109 F. Supp. 2d 469, 473–74 (S.D.W. Va. 2000) ("Various district courts within this circuit have held that when a claim of copyright infringement has been proven, a permanent injunction prohibiting further infringements is appropriate and routinely entered."). Thus, the court will permanently enjoin each of the defendants from future infringement of LHF's copyright to *London Has Fallen*.

**D. Statutory Damages**

LHF also seeks separate awards of statutory damages against Shady Oak and Hall (but not Boykins) in the amount of $6,000.00 each. Under the Copyright Act, a court may not award statutory damages for any one work in an amount "less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). However, within that range, the court enjoys wide discretion to set the amount of damages. *See F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 231–32 (1952). Courts have identified three factors as relevant in exercising their discretion to set statutory damages in copyright infringement cases: "'(1) the expenses saved and profits reaped by defendants in connection with the infringements; (2) revenues lost by the plaintiffs; and (3) whether the infringement was wil[l]ful and knowing or whether it was accidental or innocent.'" *ME2 Prods., Inc.*, 2018 WL 585547, at *2 (quoting *Jasperilla Music Co., M.C.A., Inc. v. Wing's Lounge Ass'n*, 837 F. Supp. 159, 161 (S.D.W. Va. 1993)).

A "'recent trend'" has emerged "'in courts across the country . . . to award the minimum statutory award of $750.00 per violation' in infringement cases brought by 'copyright holders who seek copyright infringement damages not to be made whole, but rather as a primary or secondary revenue stream and [who] file mass lawsuits against anonymous Doe defendants with the hopes of coercing settlements.'" *See id.* (quoting *Malibu Media, LLC v. [Redacted]*, No. 14-

cv-00261, 2017 WL 633315, at *3 (D. Md. Feb. 15, 2017)). In the instant case, LHF has sued multiple Doe defendants in this district alone. The court believes that this lawsuit aligns with the trend of copyright holders seeking damages as a revenue stream. Accordingly, the court is persuaded by the cases limiting damages under 17 U.S.C. § 504(c)(1) to the statutory minimum and will therefore enter judgment against Shady Oak and Hall for $750.00 each, without interest. The court recognizes this amount as sufficient to compensate LHF for the harm in this case and to deter future infringement.

**E. Attorney's Fees and Costs**

Finally, LHF requests an award of attorney's fees and costs against Shady Oak and Hall. (Dkt. Nos. 65, 74.) Section 505 of the Copyright Act permits a court to award reasonable attorney's fees and costs to the prevailing party. 17 U.S.C. § 505.

LHF requests separate attorney's fees from Shady Oak and Hall in the amount of $2,220.00, which reflects 7.4 hours of work for each defendant at a rate of $300.00 per hour. To determine the reasonableness of counsel's requested fee, the court considers the following 12 factors set forth by the Fourth Circuit:

> (1) The time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*McAfee v. Boczar*, 738 F.3d 81, 88 n.5 (4th Cir. 2013) (internal quotation marks omitted). Based on these factors, the court does not find counsel's requested fee to be reasonable. Counsel filed

formulaic complaints and motions in this case, as well as in a related case pending before this court. Accordingly, the court is unconvinced that counsel reasonably expended 7.4 hours per defendant. Nor does the court believe that this case involves novel or difficult questions, or requires a high level of skill. A lower attorney's fee than requested is also consistent with the court's decision not to award LHF the amount of statutory damages requested but to instead award the lower amount of $750.00. Finally, the court notes that plaintiff's counsel recently received $600.00 per defendant in a substantially similar case filed in this district. *See ME2 Prods., Inc.*, 2018 WL 585547, at \*4. In light of the factors listed above, this court believes that two hours per defendant at a rate of $300.00 per hour is reasonable. Thus, the court will require Shady Oak and Hall to each pay $600.00 for attorney's fees in this case. The court will also require Shady Oak and Hall to each pay $200.00 in costs to account for the $400.00 court filing fee. The court declines to award the remaining costs requested.[2]

## III. CONCLUSION

For the stated reasons, the court will grant plaintiff's motions for default judgment against Shady Oak, Boykins, and Hall (Dkt. Nos. 61, 65, 74). Judgment will be entered in favor of plaintiff against each of Shady Oak and Hall in the amount of $1,550, representing $750 in statutory damages and $800 in attorney's fees and costs. Defendants Shady Oak, Boykins, and Hall will each be permanently enjoined from any further infringement.

Entered: September 5, 2018.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

---

[2] The court will exercise its discretion to limit costs in this matter to those recoverable under 28 U.S.C. § 1920. *See ME2 Prods., Inc.*, 2018 WL 585547, at \*4 n.2 (citing *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 152 F. Supp. 3d 503, 525 (E.D. Va. 2015)).