CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
3/20/2019

JULIA C. DUDLEY, CLERK
BY: S/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| LHF PRODUCTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 5:16-cv-00027 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| DASH FOOD MART, *et al.*, | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

In this copyright-infringement case, plaintiff LHF Productions, Inc., alleged that

defendants copied and distributed unauthorized copies of the film *London Has Fallen* using a

file-sharing service known as BitTorrent. (Second Am. Compl., Dkt. No. 33.) The court granted

LHF's motions for default judgment against defendants Shady Oak Farm, Latoya Boykins, and

Sarah Hall. (Dkt. Nos. 76, 77.) The court awarded LHF default judgment against Sarah Hall in

the amount of $1,550. (Dkt. No. 77.) Sarah Hall, proceeding *pro se*, has filed a letter in

response. (Dkt. No. 78.)

"A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S.

89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). In her letter, Hall references

the case number and recognizes that she "was recently accused of downloading the movie

London Has Fallen by LHF Production" and ordered to pay $1,550. She asks the court to

"please reconsider this" because she only works weekend shifts at her job, has six children, and

states that it would be impossible for her to pay the ordered amount. Hall also states that she is

"honestly unaware of this situation" and has tried talking to her children to see if they or any of

their friends could have been responsible, "but no one know [sic]." (Dkt. No. 78.) Given the

substance of Hall's filing and her *pro se* status, the court shall construe her response as a motion to vacate default judgment.

In addition, attached to Hall's letter is a letter addressed to the court from Viola Jones, a nurse practitioner. The letter from Jones states that Hall is a patient in her office and "has multiple health issues" as well as "cognitive delays." Jones also believes, in her professional opinion, that Hall "does not have the ability to complete something like this," presumably referring to the illegal downloading. (Dkt. No. 78-1.)

The court "may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). "To bring [herself] within Rule 60(b), the movant must make a showing of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Werner v. Carbo*, 731 F.2d 204, 206–07 (4th Cir. 1984) (citing *Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir. 1979)). Once the movant has done so, under Rule 60(b),

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b) is an "extraordinary remedy" that "is only to be granted in exceptional circumstances." *In re A.H. Robins Co., Inc.*, No. 98-1893, 1998 WL 904717, at *1 (4th Cir. Dec. 29, 1998). "The disposition of motions under Rule 60(b) ordinarily is a matter

within the discretion of the district court which will not be disturbed on appeal absent a showing of abuse of that discretion." *Werner*, 731 F.2d at 206.

Hall does not identify the subsection of Rule 60(b) upon which she relies, but, construing her motion liberally, it appears she is moving to set aside the default judgment under subsections one or six. The court may grant relief under Rule 60(b)(6) if a party shows "extraordinary circumstances suggesting that the party is faultless in the delay;" otherwise, "[i]f a party is partly to blame for the delay, relief must be sought within one year under subsection (1) and the party's neglect must be excusable." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993) (citations omitted).

Rule 60(b)(6) "has been described as the catch-all clause because it provides the court with a grand reservoir of equitable power to do justice in a particular case and vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice where relief might not be available under any other clause in 60(b)." *Compton*, 608 F.2d at 106–07 (internal quotations and citations omitted). This subsection "is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)–(5) of the Rule." *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986) (internal citations omitted).

Subsection six does not apply here. Hall has not shown extraordinary circumstances that suggest she was faultless in delaying her response. When she states that she "was unaware of this," she seems to be denying the allegations against her rather than arguing that she was unaware of the allegations. She also provides no explanation for her delayed response. Additionally, the fact that she works weekend shifts, has six children, and claims that it would be

impossible for her to pay the ordered amount does not rise to the level of "extreme and undue hardship" or "extraordinary circumstances" required to justify relief under Rule 60(b)(6). (Dkt. No. 78.) Thus, she has not established that she was faultless in her delay to respond or that there are extraordinary circumstances justifying relief.

Under Rule 60(b)(1), "the movant 'must demonstrate *inter alia* that [she] was not at fault and that the nonmoving party will not be prejudiced by the relief from judgment.'" *Wilson v. Thompson*, 138 F. App'x 556, 557 (4th Cir. 2005) (quoting *Home Port Rentals, Inc. v. Ruben*, 957 F.2d 126, 132 (4th Cir. 1992)). "A party that fails to act with diligence will be unable to establish that [her] conduct constituted excusable neglect pursuant to Rule 60(b)(1)." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 413 (4th Cir. 2010). "When the party is at fault, the [court's interest in finality and efficiency] dominate[s] and the party must adequately defend its conduct in order to show excusable neglect." *Heyman v. M.L. Mktg. Co.*, 116 F.3d 91, 94 (4th Cir. 1997) (quoting *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (4th Cir. 1988)).

Hall also is not entitled to relief under subsection one. She has not shown, or even alleged, that she acted with diligence, especially because she does not provide any explanation for her failure to respond. Moreover, Hall has not even made the preliminary showing that she has a meritorious defense such that she may seek relief under Rule 60(b). *Werner*, 731 F.2d at 206. Simply stating that she is "unaware of this situation" and that her children and their friends deny illegally downloading the movie is insufficient. Therefore, for these reasons, Hall's motion

to vacate the default judgment will be denied.

An appropriate order will follow.

Entered: March 20, 2019.


/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge